HAMMID HASSEN, Respondent, v. SIDE SALEM, Solomon
Hodge, and all other Persons Unknown Claiming any Right,
Title, Estate, Interest or Lien or Encumbrance upon the Property
Described in the Complaint. SOLOMON HODGE, Appellant.

(198 N. W. 115.)

Disposition of cause. This appeal involves no questions of law. The case
is here for trial de novo. Evidence examined and findings of the trial court
modified.

Opinion filed March 20, 1924. Rehearing denied March 20, 1924.

Appeal and Error, 4 C. J. § 3157 p. 1149 n. 97.

Appeal from the District Court of Mountrail County, *Lowe, J.*
Action to quiet title.

From the judgment of the District Court the defendant Solomon
Hodge appeals, and demands a trial de novo.

Modified and affirmed.

*F. F. Wyckoff* and *F. W. Medberry,* for appellant.
*John J. Coyle* and *E. T. Burke,* for respondent.

NUESSLE, J. This appeal is the aftermath of a former appeal, Has-
sen v. Salem, 48 N. D. 592, 185 N. W. 969. In accordance with the
mandate in that case, the record was sent back to the district court for
a retrial upon the question as to what amount remained due to the
defendant Hodge from the plaintiff. In accordance with that mandate,
it was necessary that the trial court pass upon and determine: First,
what, if any, arrangement was entered into by and between the parties
with reference to the farming of the land in question during the farm-
ing season of 1915; second, as to the amount and value of the crop
raised on the land during such season; and third, as to the sums ex-
pended by the defendant Hodge in making permanent improvements
upon the premises. A retrial was had and from the judgment and the
whole thereof as ordered by the court on such retrial, the defendant
perfected this appeal, and demands a trial *de novo* here.

On the retrial the trial court found that the agreement under which the premises were farmed during the season of 1915 was that the "defendant would furnish all necessary costs of breaking up and cropping the homestead of the plaintiff in the year 1915, and from the proceeds raised thereon defendant should receive, first, the costs and disbursements of breaking and cropping said land, with interest at eight per cent; second, the balance be applied in payment of the $2,300 loan and other advancements; and third, if any balance remain, that same be delivered to the plaintiff, with warranty deed of the quarter section upon which said crops were raised." The trial court further found that the value of the crop raised on the premises during such season was $5,500.50; that the expenses of producing and caring for the same was $418.25, and that the value of the permanent improvements, taxes, indebtedness of the plaintiff to defendant, and interest on all items was $4,870.66, making a total of $5,288.91, with which defendant was to be credited, and ordered judgment in favor of the plaintiff for the difference in the sum of $211.59.

This appeal involves no questions of law. Its disposition here depends wholly upon a consideration of the record and a determination of the facts. The appellant contends that the findings of the trial court as to the value of the crop in the first place, and as to the value of the improvements in the second place, are not supported by the evidence; that in fact the value of the crop is much less than that found by the trial court, while the value of the permanent improvements is much greater than the value found by the trial court. The respondent contends that the findings are amply supported by the evidence, and contends further that the trial judge having had an opportunity to see the witnesses and hear them testify, his findings should not be disturbed unless manifestly contrary to the evidence.

The record is very unsatisfactory. There is much conflict in the testimony of the numerous witnesses. Notwithstanding that the case was sent back for a retrial on account of the uncertainty of the record, it is practically as unsatisfactory on this appeal as it was when first here. We must assume under the circumstances that both sides have exhausted their resources in the way of producing evidence. But there must be an end to litigation, and owing to the uncertainty of the record, we are inclined in the main to adopt the findings of the trial court.

We think, however, that those findings are manifestly wrong in two particulars, that is, as to the quality and grade of the flax threshed on the land from the 1915 crop, and the value of the same at the time of such threshing in the spring of 1916 or within a reasonable time after such threshing. The trial court found that 1890 bushels of flax were threshed; that such flax was No. 1 in grade with no dockage and worth $2.65 per bushel. We are not inclined to disturb the finding as to the number of bushels threshed. It appears in the record, however, that a carload of the flax in question was shipped to Minneapolis and that such flax, when sold there, was no grade, and that the dockage was four and one-half per cent. This flax was cut in the fall of 1915. It lay out in the field through the winter. It was turned in the spring to prepare it for threshing, and was not threshed until some time in May. We think that the evidence establishes that it was not No. 1 flax. Neither are we inclined to find, as did the trial court, that the flax was worth when threshed, or shortly thereafter, $2.65 per bushel. The testimony of the witnesses as to its value ranges from $1.50 per bushel to $2.65. We believe that it is much more reasonable to find that its value was $1.50 per bushel. It is in fact common knowledge that it was worth less than $2 per bushel at that time. We are at a loss to understand why more credible evidence as to the value of flax was not introduced. Certainly it was procurable at no great expense of trouble or money.

With these two exceptions we do not disturb the findings of the trial court. Calculating the value of the flax at the price of $1.50, we find that there should be a reduction in the value of the crop as found by the trial court in the amount of $2,323.50, and that there was due to the defendant from the plaintiff on the 12th day of May, 1916 the sum of $2,111.91. The plaintiff, Hammid Hassen, is entitled to a conveyance of said premises to him upon the payment by the said Hammid Hassen to the defendant, Solomon Hodge, of the said sum of $2,111.91 with interest at the rate of eight per cent per annum thereon from the 12th day of May, 1916, as herein provided, less the costs taxed in the trial court; that $100 thereof be paid within thirty days from the date of the remittitur herein, and that the remainder of said sum with interest be paid at such time or times within one year from the date of the remittitur herein as the trial judge shall fix, having regard to the

circumstances in the case and upon hearing ordered if deemed neces-
sary and proper; and in default of the payment of the said sum as
herein and by the trial court required and ordered, the title to the said
premises as against the claims of the plaintiff Hassen will be quieted
in the said defendant, Solomon Hodge.

The case will be remanded with directions to the trial court to
modify the judgment appealed from accordingly, appellant to recover
his costs in this court.

Bronson, Ch. J., and Birdzell, Christianson, and Johnson, JJ.,
concur.